UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THURSTON COOPER** | **CIVIL ACTION** |
| **versus** | **NO. 10-4589** |
| **TERRY TERRELL, WARDEN,**<br>**ALLEN CORRECTIONAL CENTER** | **SECTION: "R" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Thurston Cooper, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On September 25, 2008, he pleaded guilty to two counts of distribution of cocaine under state law and was sentenced on each count to a concurrent term of thirty years

imprisonment, with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence.[1]

On July 21, 2009, petitioner filed with the state district court an application for post-conviction relief.[2] That application was denied on August 3, 2009.[3] Relief was then likewise denied by the Louisiana Fifth Circuit Court of Appeal on November 3, 2009,[4] and by the Louisiana Supreme Court on November 12, 2010.[5]

On December 16, 2010, petitioner filed the instant federal application for *habeas corpus* relief.[6] In support of that application, he asserts the following claims:

    1.    Petitioner's plea was not knowingly, intelligently, and voluntarily made;

    2.    Petitioner received ineffective assistance of counsel;

    3.    There was insufficient evidence to support petitioner's conviction.

---

[1] State Rec., Vol. I of II, transcript of September 25, 2008; State Rec., Vol. I of II, minute entry dated September 25, 2008; State Rec., Vol. I of II, guilty plea form.

[2] State Rec., Vol. I of II.

[3] State Rec., Vol. I of II, Order dated August 3, 2009.

[4] State v. Cooper, No. 09-KH-737 (La. App. 5th Cir. Nov. 3, 2009) (unpublished); State Rec., Vol. I of II.

[5] State *ex rel.* Cooper v. State, 49 So.3d 879 (La. 2010) (No. 2009-KH-2542); State Rec., Vol. II of II.

[6] Rec. Doc. 1.

The state concedes that the application is timely filed[7] but argues that petitioner failed to exhaust his state court remedies.[8] The state further argues that, in any event, petitioner's claims have no merit. Because the claims are in fact meritless, the undersigned recommends that they simply be dismissed on that basis in the interest of judicial economy.[9]

## Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of law, questions of fact, and mixed questions of law and fact. The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and pure questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

---

[7] Rec. Doc. 9, p. 3.

[8] Rec. Doc. 9, pp. 6-10.

[9] A federal court has the authority to deny *habeas* claims on the merits, regardless of whether petitioner exhausted state court remedies and whether exhaustion is waived by the state. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civil Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases.  A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted), cert. denied, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways.  First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.  Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694.

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

### Invalid Guilty Pleas

Petitioner first claims that his guilty pleas were not knowingly, intelligently, or voluntarily made.[10] He opines that the pleas were obviously invalid because (1) he could not have committed the crimes because he was in Texas when they occurred and (2) he entered the pleas

---

[10] The state argues that this claim is procedurally barred. However, a federal court need not decide whether a claim is procedurally barred if the claim clearly fails on the merits. Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992); Corzo v. Murphy, Civ. Action No. 07-7409, 2008 WL 3347394, at *1 n.5 (E.D. La. July 30, 2008); Lee v. Cain, Civ. Action No. 06-9669, 2007 WL 2751210, at *9 (E.D. La. Sept. 18, 2007). Because petitioner's claim is clearly meritless, the undersigned recommends that it simply be denied on that basis.

based on counsel's erroneous advice that he faced a life sentence as a habitual offender if he rejected the plea agreement. However, petitioner has presented no evidence whatsoever in support of the contentions on which this claim is based. Specifically, he has presented no evidence showing that he was in fact in Texas when the crimes were committed. Further, he has presented no evidence showing that he did not face a life sentence as a habitual offender,[11] much less that he was advised of that possibility. Without such evidence, petitioner cannot meet his burden of proof as to this claim. There is simply no basis for this Court to find that petitioner's underlying factual allegations are true or that his pleas were unknowing, unintelligent, or involuntary. Accordingly, this claim should be rejected.

### Ineffective Assistance of Counsel

Petitioner also claims that he received ineffective assistance of counsel. The United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 697 (1984). Petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e.

---

[11] Petitioner acknowledges that the prosecution contended that he was a habitual offender. See, e.g., Rec. Doc. 1, p. 22 ("In the instant case, Petitioner was not informed that the state had to prove his identity in the prior convictions, and that the predicate felony convictions were legally sufficient."). Moreover, Louisiana law clearly provides for life imprisonment for certain habitual offenders. La.Rev.Stat.Ann. § 15:529.1.

– 6 –

deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.  Strickland, 466 U.S. at 697.

       To prevail on the deficiency prong of the Strickland test, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690).  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

       In order to satisfy the prejudice prong of an ineffective assistance of counsel claim in a case involving a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995).

Petitioner's ineffective assistance of counsel claim was rejected by the state courts in the post-conviction proceedings.[12] Because a claim of ineffective assistance of counsel is a mixed question of law and fact, this Court must defer to the state court decisions rejecting petitioner's claim unless those decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Moreover, the United States Supreme Court recently explained that, under the AEDPA, federal *habeas corpus* review of ineffective assistance of counsel claims is in fact *doubly* deferential:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.
> A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have

---

[12] State Rec., Vol. I of II, Order dated August 3, 2009. The Louisiana Fifth Circuit Court of Appeal rejected petitioner's challenge to that denial of relief. State v. Cooper, No. 09-KH-737 (La. App. 5th Cir. Nov. 3, 2009) (unpublished); State Rec., Vol. I of II. The Louisiana Supreme Court then denied petitioner's related writ application without assigning additional reasons. State *ex rel.* Cooper v. State, 49 So.3d 879 (La. 2010) (No. 2009-KH-2542); State Rec., Vol. II of II.

> in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. ____, ____, 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

Harrington v. Richter, 131 S.Ct. 770, 785-86 (2011) (citation omitted). The Supreme Court then continued:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Id. at 786-87 (citations omitted; emphasis added). The Supreme Court then explained that federal *habeas corpus* review of ineffective assistance claims is therefore doubly deferential:

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and

– 9 –

> interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.
>
> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. *The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.* The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). *When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

Id. at 788 (citations omitted; emphasis added). For the following reasons, the Court finds that, under these stringently deferential standards, it simply cannot be said that relief is warranted in the instant case with respect to petitioner's ineffective assistance of counsel claim.

The Court first notes that the state courts analyzed petitioner's claim under the correct legal standards. In the last reasoned state court judgment addressing the claim, the Louisiana Fifth Circuit Court of Appeal correctly set forth the controlling law with respect to ineffective assistance claims:

> In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. State v. Lacaze, 99-584, p. 20 (La. 1/25/02), 824 So.2d 1063, 1078-79, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

> In addition to proving that counsel's representation fell below the standard of reasonableness, it is incumbent upon the defendant in a guilty plea to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Montalban, 00-2739, p. 5 (La. 2/26/02), 810 So.2d 1106, 1110, cert. denied, 537 U.S. 887, 123 S.Ct. 132, 154 L.Ed.2d 148 (2002), citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).[13]

The Court of Appeal then analyzed the separate allegations petitioner made with respect to his claim.

As to petitioner's contention that his counsel failed to investigate the case adequately and failed to challenge the sufficiency of the evidence prior to entering his pleas, the Court of Appeal held:

> A defendant who asserts a claim of ineffective assistance of counsel based upon a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of a trial or sentencing. General statements and conclusory charges will not suffice. State v. Castaneda, 94-1118, p. 14 (La. App. 1 Cir. 6/23/95), 658 So.2d 297, 306.
> Relator makes a broad assertion that he was in Texas at the time the charged offenses were committed. However, he fails to argue any specific evidence counsel could have discovered which would have had an effect on the outcome of a trial and, thus, would have led counsel to change his recommendation as to plea.
> According to the transcript, prior to Relator's entering the guilty pleas, the prosecutor stated that he was amending count one to change the date to June 7, 2007. Thus, both Relator and his counsel had notice of the date that fell within the period of time that he alleged he was in Texas. During the plea colloquy, Relator acknowledged that he was waiving his right to present evidence as to the defenses that would be helpful or favorable to him. He also acknowledged that he was satisfied with the way his attorney and the court had handled this case. As such, his claim that his counsel was ineffective for failing to read the bill of information and discover the

---

[13] Cooper, No. 09-KH-737, at p. 3; State Rec., Vol. I of II.

>dates in order to file proper motions fails because he cannot show that his counsel's performance was deficient.[14]

That ruling is neither contrary to nor an unreasonable application of federal law. Under federal law, it is clear that a petitioner who presents nothing more than a conclusory allegation that counsel's investigation was insufficient is not entitled to relief. Rather, to prevail on a such claim, a petitioner must provide factual support as to what exculpatory evidence further investigation would have revealed. See Moawad v. Johnson, 143 F.3d 942, 948 (5th Cir. 1998); see also Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008). In the instant case, petitioner has brought forth no evidence to show that further investigation would have revealed any information whatsoever that would have been beneficial to the defense. In particular, he has presented no evidence whatsoever in support of his bald allegation that he was in Texas when the crime was committed. Without such evidence, he cannot make the required showing that he was prejudiced by the allegedly inadequate investigation, and his claim therefore fails. Everett v. Louisiana, Civ. Action No. 08-4745, 2009 WL 1971370, at *4 (E.D. La. July 7, 2009).

As to petitioner's contention that his counsel was ineffective for failing to file a motion to quash, the Court of Appeal held:

>Relator contends that such a motion would have been successful because he was in Texas at the time the alleged offenses were committed and, therefore, could not have committed them.
>     Relator's claim that he was out of state at the time of the charged offenses is not a proper basis for a motion to quash. A motion to quash is a mechanism by which pre-trial pleas that do not

---

[14] Cooper, No. 09-KH-737, at pp. 3-4; State Rec., Vol. I of II.

> go to the merits are urged. State v. Browning, 06-929, p. 6 (La. App. 5 Cir. 4/11/07), 956 So.2d 65, 70. The question of factual guilt or innocence of the charged offense is not raised by a motion to quash. Id. Fact-intensive inquiries regarding the sufficiency of the evidence and merits of the case are not properly raised by a motion to quash; rather, they should be decided on the evidence at trial. Id. When considering a motion to quash, the trial court must accept as true the facts contained in the bill of information and the bill of particulars. While evidence may be adduced, such evidence may not include a defense on the merits. State v. Trevino, 07-870, p. 9 (La. App. 5 Cir. 5/27/08), 985 So.2d 851, 856, writ denied, 08-1900 (La. 4/3/09), 6 So.3d 768.
>    A trial counsel's failure to raise meritless argument cannot be ineffective assistance of counsel. See State v. Richardson, 00-416, p. 12 (La. App. 4 Cir. 2/7/01), 780 So.2d 1103, 110, writ denied, 01-998 (La. 8/30/02), 823 So.2d 934.[15]

That state court ruling clearly comports with federal law. It is beyond cavil that counsel cannot be considered ineffective for failing to file a meritless motion. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); see also United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

As to petitioner's contention that his counsel was ineffective for giving erroneous advice, the Court of Appeals held:

> In the writ application, Relator asserts that but for counsel's misleading advice, he would not have pleaded guilty, but he does not

---

[15] Cooper, No. 09-KH-737, at pp. 4-5; State Rec., Vol. I of II.

> specify the content of the alleged misleading advice. Absent fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. State v. Kron, 07-1024, p. 6 (La. App. 5 Cir. 3/25/08), 983 So.2d 117, 120, writ denied, 08-813 (La. 10/24/08), 992 So.2d 1039. It is a defendant's burden to prove that he acted on erroneous advice of counsel or that the erroneous advice of counsel induced him to plead guilty. La.C.Cr.P. art. 930.2; State v. Smith, 00-1681 (La. 2/2/01), 777 So.2d 1223.
> We find no error in the district court's determination that Relator failed to meet his burden of proving his counsel was deficient or that he was prejudiced in any way.[16]

In this proceeding, petitioner attempts to flesh out his claim by adding additional factual allegations. Specifically, he contends that his attorney incorrectly advised him that he faced a potential life sentence as a habitual offender. However, petitioner has presented no evidence whatsoever to prove either (1) that his attorney in fact gave him such advice regarding a potential life sentence or, even more importantly, (2) that petitioner did not in fact face a life sentence as a habitual offender. Accordingly, he has failed to meet is burden of proof with respect to this contention.

Lastly, in his federal application, petitioner also contends that his counsel was ineffective for failing to request a continuance so that petitioner could retain counsel of his own choosing. However, he has presented no evidence whatsoever proving that he had the means to retain such counsel or that he had made his attorney aware that he desired a continuance for that purpose. On the contrary, petitioner testified under oath during the plea colloquy that he was

---

[16] Cooper, No. 09-KH-737, at p. 5; State Rec., Vol. I of II.

satisfied with the way in which his attorney had handled the case.[17] Accordingly, he has likewise failed to meet is burden of proof with respect to this contention.

For all of the foregoing reasons, petitioner's ineffective assistance of counsel claim should be denied.

### Sufficiency of the Evidence

Lastly, petitioner claims that the prosecution had insufficient evidence to support the charge. However, as the Louisiana Fifth Circuit Court of Appeal correctly held in the last reasoned state court judgment addressing this claim, petitioner waived any claim challenging the sufficiency of the state's evidence by pleading guilty.[18] Simply put: "The <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." <u>Smith v. McCotter</u>, 786 F.2d 697, 702-03 (5th Cir. 1986). <u>See also</u> <u>Cornett v. Johnson</u>, No. 97-11250, 1998 WL 546513, at *1 (5th Cir. Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."); <u>United States v. Silva</u>, No. 97-10266, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea.").

Therefore, the Court finds that petitioner has failed to demonstrate that the state court's decision denying his insufficient evidence claim was contrary to, or involved an

---

[17] State Rec., Vol. I of II, transcript of September 25, 2008, p. 5. He made that same representation in his signed plea form. State Rec., Vol. I of II, guilty plea form.

[18] <u>Cooper</u>, No. 09-KH-737, at pp. 5-6; State Rec., Vol. I of II.

unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, applying the AEDPA's deferential standard, this Court should likewise reject the claim.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Thurston Cooper be **DISMISSED WITH PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this fifth day of April, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.