UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THURSTON COOPER                          CIVIL ACTION

VERSUS                                   NO: 10-4589

TERRY TERRELL, WARDEN, ALLEN             SECTION: R(1)
CORRECTIONAL CENTER

### ORDER

Before the Court are Thurston Cooper's petition for a writ of habeas corpus[1] and his objection[2] to the Magistrate Judge's Report and Recommendation that the petition be denied with prejudice.[3]  The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254 Proceedings, Rule 11(a).  A court may issue a certificate of

---

[1]     (R. Doc. 1.)

[2]     (R. Doc. 11.)

[3]     (R. Doc. 10.)

appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336.

Cooper's motion does not satisfy these standards.  First, although Cooper asserts that his guilty plea was not knowingly, intelligently, or voluntarily made because he was in Texas when the crimes were committed and because his attorney erroneously informed him that he potentially faced a life sentence, he offers no evidence whatsoever to support those claims.  Second, as detailed in the Magistrate Judge's Report, the state court's conclusion that Cooper received effective assistance of counsel was not contrary to or an unreasonable application of federal law.  Cooper provides only conclusory allegations to suggest that his attorney's investigation of the facts was deficient and that his attorney rendered erroneous advice.  Nor can Cooper make out

an ineffective assistance of counsel claim based on his attorney's failure to file meritless motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Finally, Cooper asserts that the prosecution had insufficient evidence to support the charge against him. Yet, because Cooper pleaded guilty, there is no constitutional basis for his insufficiency of the evidence claim. *See Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986) ("The *Jackson v. Virginia* mandate that sufficient evidence exist from which a rational fact finder could find guilty beyond a reasonable doubt is inapplicable to convictions based on a guilty plea."). Jurists of reasons would not find these issues debatable.

Accordingly,

Thurston Cooper's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 2nd day of May, 2011.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE